ANNA CATHERINE SCHUMAKER *et al.*

*v.*

JANE GRAMMER.

*Opinion filed December 16, 1902.*

1. WILLS—*when residuary clause of will becomes inoperative.* A residuary clause conditioned wholly upon the fact of the testator surviving his wife becomes inoperative if the wife survives.

2. SAME—*when lapsed devises pass as intestate estate.* Lapsed devises pass as intestate property to the heirs-at-law of the testator where no other disposition thereof is made in the will.

APPEAL from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

N. F. ANDERSON, for appellants.

WILLIAMS, LAWRENCE & WELSH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree in partition. William Grammer, a resident of Henry county, died childless in 1898, leaving his last will, by which he devised the four hundred acres of land sought to be divided, situated in said county, as follows: Five-tenths to his widow, Jane Grammer; two-tenths to his sister Adelheid Grammer; one-tenth to his brother, John Grammer; and one-tenth each to his two other sisters, appellants herein, Anna Catherine Schumaker and Margaretha Poppy. Similar dispositions, not here in controversy, were made of his personal property. John and Adelheid Grammer died in the lifetime of the testator. John left three children, his heirs, who survived the testator, but Adelheid, never having married, died childless. The controversy here is between the appellants, Schumaker and Poppy, on the one hand, and the appellee, widow of the testator and the complainant in the bill, on the other, respecting the

lapsed devises to John and Adelheid Grammer, the complainant contending that the one-tenth devised to John and the two-tenths to Adelheid descended as intestate property to the heirs-at-law of the testator,—that is, one-half of said three-tenths to herself, as widow, and the other one-half in three equal parts, one to Schumaker, one to Poppy and the other to the children of John; that she had purchased from said children, and they had conveyed to her in fee, their said one-third of the one-half of said three-tenths, and that therefore she was entitled, first, as devisee, to five-tenths of the land; second, to one-half of the three-tenths, intestate property, as heir; and third, to one-third of the other half of said three-tenths as grantee of the children of John, who (said children) took as heirs of the testator. The court so decreed. On the other hand, the appellants insist that said three-tenths devised, as before stated, to John and Adelheid did not descend as intestate property, but passed, under what they claim to.be the residuary clause of the will, to them, they being the only ones surviving of the alleged class mentioned in said residuary clause.

As this controversy is only as to the lapsed devises, the parties agree that only the following parts of the will and codicil require consideration on this appeal, namely:

"*Know all men by these presents*, that I, William Grammer, of the town of Weller, in the county of Henry and State of Illinois, being of sound mind and disposing memory, mindful of the uncertainty of life, and wishing, while in life and health, to make provision for the disposition, after death, of the property of which I may have and be possessed at the time of my death, do make, publish and declare this and no other to be my last will and testament.    *    *    *

"*Twelfth*—It is my will and desire that if my said wife, Jane Grammer, shall survive me, she shall, as my widow, have allowed to, her, and she shall have and receive, that which is commonly known as the widow's

200—4

award, notwithstanding any devise or bequest herein made to my said wife or to any other person, said widow's award shall be considered for all purposes a just claim against my estate.

"*Thirteenth*—It is my will that my said wife, Jane Grammer, shall have the devises and bequests as hereinbefore made to her, but it is my will that she shall not have any dower interest in the real property, or any part thereof, herein devised to said Margaretha Poppy, Adelheid Grammer, Anna Catherine Schumaker or John Grammer, but that they, the said Margaretha Poppy, Adelheid Grammer, Anna Catherine Schumaker and John Grammer, shall have the real estate herein devised to them and each of them, free from any dower interest of my said wife, Jane Grammer.

"*Fourteenth*—If my said wife, Jane Grammer, die before me, then it is my will that the said Margaretha Poppy, Adelheid Grammer, Anna Catherine Schumaker and John Grammer shall have the devises and bequests hereinbefore made by me to them, and each of them, exactly as I have hereinbefore herein set forth; and that all the rest, residue and remainder of my estate, real, personal or mixed, of every kind, name and nature whatsoever or wheresoever, after the payment of all just debts and claims against my estate, I give and bequeath to said Margaretha Poppy, Adelheid Grammer, Anna Catherine Schumaker and John Grammer as their absolute property forever, to be divided equally between them, the said Margaretha, Adelheid, Anna Catherine and John, share and share alike, it being my intention that in the case my said wife should die before me, that then all of my property of every kind, real, personal or mixed, shall go absolutely and forever and in fee simple to my said sisters and brother in the manner and as above indicated and set forth.    *    *    *

"I hereby make the following changes in my will by this codicil:

"*First*—By the fourteenth clause of said will I provide that in case my wife dies before I die, then the property devised to her by said will shall descend to my brother and sisters named in said clause. I hereby revoke said fourteenth clause of my will and in its place provide as follows: If my wife shall die before I die, then I will, devise and bequeath that her children or descendants of her children shall receive the same share of my property that is devised to my wife by the second and seventh clauses of my will."

Inasmuch as the wife of the testator, Jane Grammer, survived him, it seems to us perfectly clear that said fourteenth section, or alleged residuary clause, became wholly inoperative. It was conditioned altogether upon his surviving her, and as she survived him it never took effect. It begins, "If my said wife, Jane Grammer, die before me, then it is my will," etc., and to make clear and emphasize his meaning he closes the section by saying: "It being my intention that in the case my said wife should die before me, that then all of my property of every kind * * * shall go * * * to my said sisters and brother in the manner and as above indicated and set forth." This construction, if construction were needed, is also supported by the statements in the codicil, which codicil revokes said fourteenth section, and provides on the same contingency,—that is, the death of his wife prior to his own decease,—that her children and their descendants should take the property devised to her. She had children by a former husband but none by the testator. While it appears that the testator supposed he was disposing of all of his property by his will, it is clear he made no provision whatever for the disposition of the parts devised to John and Adelheid in case their death should occur before his own. By his will he assumed they would survive him. But they did not, and there being no other disposition made of the shares he intended they should have at his death, such shares

could not pass by the will but descended as intestate estate to his heirs-at-law.

The decree is in harmony with these views, and it must be affirmed.            *Decree affirmed.*